# LAW OFFICES OF
## UGO UZOH, P.C.
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 874-6045
Attorneys for plaintiff

```
------------------------------------x------------------------------
IAN FELMINE A.K.A.                  :UNITED STATES DISTRICT COURT
ENIAN FELMINE,                      :EASTERN DISTRICT OF NEW YORK
            Plaintiff(s),           :
                                    :CASE No.:09 CV 3769 (RJD)(RML)
        against                     :
                                    :CIVIL ACTION
                                    :
THE CITY OF NEW YORK, P.O. VADIM    :SECOND AMENDED
KONTOROVICH [SHIELD# 27420],        :COMPLAINT
SERGEANT BRENDAN WARD, P.O.         :
WILLIAM DOOLEY [SHIELD# 2596],      :PLAINTIFF DEMANDS
P.O. STEPHEN KARABIN [SHIELD#       :TRIAL BY JURY
7004], SERGEANT JOHN TANCREDI       :
[SHIELD# 1061], SERGEANT KIENLE,    :
SERGEANT BEVERLY BROWN, "JOHN       :
DOE" AND "JANE DOE",                :
            Defendant(s).           :
------------------------------------x------------------------------
```

   TAKE NOTICE, the Plaintiff, Ian Felmine a.k.a. Enian Felmine, hereby appears in this action by his attorneys, The Law Offices of Ugo Uzoh, P.C., and demands that all papers be served upon him, at the address below, in this matter.

   Plaintiff, Ian Felmine a.k.a. Enian Felmine, by his attorneys, Ugo Uzoh, P.C., complaining of the defendants, The City of New York, P.O. Vadim Kontorovich [Shield# 27420], Sergeant Brendan Ward, P.O. William Dooley [Shield# 2596], P.O. Stephen Karabin [Shield# 7004], Sergeant John Tancredi [Shield# 1061], Sergeant Kienle, Sergeant Beverly Brown, John Doe and Jane Doe, collectively referred to as the defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured

     to the plaintiff by the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the malicious actions and negligence of the defendants, arising from the illegal and unlawful arrest and detention of the plaintiff by the defendants in September 2006 and June 2008, respectively, and the serious and permanent personal injuries sustained by the plaintiff during said arrests and detention by the defendants.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343(a), and this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, treaty, customary international law and norms, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 U.S.C §1983 and under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

Ian Felmine a.k.a. Enian Felmine/Second Amended Complaint.

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendants P.O. Vadim Kontorovich [Shield# 27420], Sergeant Brendan Ward, P.O. William Dooley [Shield# 2596], P.O. Stephen Karabin [Shield# 7004], Sergeant John Tancredi [Shield# 1061], Sergeant Kienle, Sergeant Beverly Brown, John Doe and Jane Doe, collectively referred to as defendant Police Officers, are Police Officers and at all times relevant to this action are Police Officers of the City of New York Police Department and are acting under color of state law. Said Police Officers are being sued in both their individual and official capacities.

8. The defendant City of New York is a municipality in the State of New York and employs defendant Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about September 4, 2006, defendant Police Officers assigned to the New York Police Department's 63rd Precinct, without probable cause and or justification, arrested plaintiff at the Precinct which is located at 1844 Brooklyn Avenue, Brooklyn, New York, County of Kings, and falsely charged plaintiff with PL 120.00 'Assault in the third degree,' amongst other charges. Further, on or about June 1, 2008, defendant Police Officers assigned to the New York Police Department's 67th Precinct, without probable cause and or justification, arrested plaintiff at or within the corner of East 53rd Street and Winthrop Street, Brooklyn, New York, County of Kings, and falsely charged plaintiff with PL 160.15 'Robbery in the first degree,' amongst other charges.

10. Prior to the September 4, 2006 arrest, plaintiff and some of his relatives, approximately five of his relatives, boarded a taxi cab for an outing. Although there were about five of them traveling, the cab driver did not allow any of them to sit in the vacant front passenger sit. As a result, plaintiff and his five relatives were all compacted in the back sit with plaintiff, who at the time was a minor under the age of 18 years and was one of the youngest, sitting in the middle. When they arrived at their destination, plaintiff's older relatives who had agreed to pay the fare and were sitting close to the doors, exited the cab so as

to retrieve their wallets and pay the fare. The moment plaintiff's relatives exited the cab, however, the cab driver drove off with plaintiff still sitting in the cab, and the cab driver drove plaintiff to the Precinct. The moment the cab driver drove off with the plaintiff, plaintiff contacted the 911 or Emergency Operator and filed a complaint providing the Emergency Operator with a detailed account of the events and the location of the cab. When the cab driver arrived at the Precinct, the cab driver and the defendant Police Officers conspired to unlawfully arrest and detain the plaintiff at the Precinct and subsequently charge plaintiff with PL 120.00 'Assault in the third degree'.

11. While at the Precinct, defendant Police Officers tightly handcuffed plaintiff with his hands placed behind his back and interrogated plaintiff for several hours. During the entire time plaintiff was still restrained with handcuffs. Even though plaintiff repeatedly informed defendant Police Officers that he did not commit any crime or offense, defendant Police Officers nonetheless persisted in their efforts to harass and intimidate plaintiff. The defendants detained the plaintiff for several days, and did not arraign or allow plaintiff to appear before a judge until approximately 72 hours after his arrest. Upon arraignment, plaintiff was charged with PL 120.00 'Assault in the third degree'. Plaintiff was eventually released, but subsequently returned to the Criminal Court on numerous occasions to defend the false charges that were levied against him by the defendants. On December 14, 2006, the charges levied against plaintiff by the defendants were summarily dismissed.

12. At the time of the June 1, 2008 arrest, defendant Police Officers approached plaintiff and two of his friends as they were returning home from a baby shower. Initially, the defendant Police Officers inquired whether plaintiff and his friends had any information concerning a phone that was reported to be lost or stolen by some other people at the baby shower. Although one of plaintiff's friends indicated that he obtained the phone with the consent of its owner and had the phone with him at the time, the defendant Police Officers nonetheless proceeded to arrest the plaintiff. Additionally, the defendant Police Officers proceeded to perform an illegal search of the plaintiff, forcefully grabbing, pushing, and shoving the plaintiff in the process. Thereafter, the defendant Police Officers

tightly handcuffed plaintiff with his hands placed behind his back and transported plaintiff and his friends in police vehicle to the Precinct.

13. That within a short time of their arrival at the Precinct, the defendant Police Officers released plaintiff's friends. Although plaintiff's friends were released, defendant Police Officers continued to interrogate plaintiff for several hours and detained plaintiff for a lengthy period of time. During the entire time plaintiff was still restrained with handcuffs. Even though plaintiff repeatedly informed the defendant Police Officers that he did not commit any crime or offense, the defendant Police Officers nonetheless persisted in their efforts to harass and intimidate the plaintiff. Subsequently, plaintiff was transported to the Central Booking where he was further detained for several hours before he was finally brought before a judge. Upon arraignment, plaintiff was charged with PL 160.15, 'Robbery in the first degree'. Plaintiff was eventually released several days thereafter, but subsequently returned to the Criminal Court on numerous occasions to defend the false and malicious charges that were levied against him by the defendants. On December 26, 2008, the false charges against the plaintiff were summarily dismissed.

14. That during the entire time while the plaintiff was illegally arrested and unlawfully detained by the defendants as described herein, plaintiff requested but was denied access to counsel, medication, food, and drink, as well as contact and visitation by his friends and family.

15. That even though the defendants knew, or should have known based on the facts, that plaintiff did not commit any crime or offense, they still proceeded to arrest and detain plaintiff, and used excessive force to assault, detain, and imprison plaintiff just to intimidate plaintiff.

16. That at no time during the arrests was plaintiff read his Miranda rights or allowed to make a phone call or inform his family that he had been arrested.

17. That plaintiff was maliciously prosecuted without any just cause or reason, and with defendants fully aware that plaintiff was innocent of the charges against him at all times relevant.

18. That plaintiff did not commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his body some or all of which may be permanent.

20. The illegal and unlawful arrests, and plaintiff's wrongful imprisonment particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

22. As a direct and proximate result of plaintiff's illegal and unlawful detention, plaintiff has lived and continues to live in constant fear, continues to suffer from nightmares, is now fearful of stepping outside and whenever he sees a police officer or government official or is in the midst of a police officer or government official, he suffers various emotional setbacks and attacks. Additionally, plaintiff has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home and family circles.

23. As a direct and proximate result of defendants' actions, plaintiff was arrested and imprisoned without just or probable cause.

24. As a direct and proximate result of defendants' actions, plaintiff was deprived of his due process rights, and rights, remedies, privileges, and immunities under the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution, and treatise, ordinances,

customary international law and norms, custom and usage of a right, and the laws of the City and State of New York.

25. Defendant City of New York, acting through the New York Police Department, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and the obligation to effect an arrest only when probable cause exits for such arrest. Additionally, defendant City of New York, acting through District Attorney Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and the duty and or obligation of candor toward the court.

26. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

27. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

28. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

29. That the actions of the defendants were malicious, illegal, unlawful, and directed at depriving the plaintiff of his constitutional rights.

30. That plaintiff's proprietary right to his good name and reputation was improperly and unlawfully attacked.

31. This action has been commenced within three years after the occurrence of the event(s) upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983 - against all defendants

32. Plaintiff hereby restates paragraphs 1-31 of this complaint, as though fully set forth below

33. By detaining and imprisoning plaintiff without justification, probable cause or reasonable suspicion, and using excessive force, defendants deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth, Eight, and Fourteenth Amendments of the United States Constitution.

34. In addition, defendant Police Officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eight, and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

35. Defendant Police Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Officers of the City of New York Police Department. Said acts by defendant Police Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse

of their powers, and defendant Police Officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A SECOND CAUSE OF ACTION:

Excessive Force – defendant Police Officer(s)

37. Plaintiff hereby restates paragraphs 1-36 of this complaint, as though fully set forth below

38. In using excessive force, physically assaulting, handcuffing, threatening, intimidating plaintiff, defendant Police Officers, acting in their capacities as Officers of the City of New York Police Department, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment - all defendants

40. Plaintiff hereby restates paragraphs 1-39 of this complaint, as though fully set forth below

41. The defendants wrongfully, illegally and unlawfully arrested, detained, and imprisoned plaintiff.

42. The wrongful arrests, detention, and imprisonment of plaintiff were carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

43. At all relevant times, the defendants acted with excessive force in apprehending, detaining, and imprisoning the plaintiff.

44. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably harassed, detained, threatened, deprived of his liberty, and imprisoned.

45. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

46. The defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Malicious Prosecution - all defendants

48. Plaintiff hereby restates paragraphs 1-47 of this complaint, as though fully set forth below

49. Following his release from incarceration, plaintiff returned to the Criminal Court on numerous occasions pursuant to court orders to defend the false and malicious charges that were levied against him by the defendants. Eventually, the charges against the plaintiff were summarily dismissed.

50. As a result of defendants' actions and or inactions plaintiff was deprived of his liberty and due process rights and was restricted in his ability to travel and engage in his usual occupation and normal lifestyle.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Illegal and Unreasonable Search & Seizure – defendant Police Officer(s)

52. Plaintiff hereby restates paragraphs 1-51 of this complaint, as though fully set forth below

53. The defendant Police Officers wrongfully, illegally, unlawfully and unreasonably performed a bodily search of the plaintiff.

54. The wrongful, illegal, unlawful and unreasonable search and seizure were carried out without warrant, without plaintiff's consent and without probable cause or reasonable suspicion.

55. All of the foregoing occurred without any fault or provocation on the part of plaintiff, and were in violation of the Fourth Amendment to United States Constitution.

56. The defendant Police Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:

42 U.S.C. § 1985 - defendant Police Officer(s)

58. Plaintiff hereby restates paragraphs 1-57 of this complaint, as though fully set forth below

59. In their effort to find fault against plaintiff, defendant Police Officers conspired among themselves, and conspired to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Eight, and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

60. In light of the foregoing therefore, defendant Police Officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A SEVENTH CAUSE OF ACTION:

New York State Constitution, Art. I, §§ 5, 11 & 12 – all defendants

62. Plaintiff hereby restates paragraphs 1-61 of this complaint, as though fully set forth below

63. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him, defendant Police Officers deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

64. In addition, defendant Police Officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

65. The defendant Police Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The defendant Police Officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The defendant Police Officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 11 & 12 of the New York Constitution.

66. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

67. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A EIGHTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress - all defendants

68. Plaintiff hereby restates paragraphs 1-67 of this complaint, as though fully set forth below.

69. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

70. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A NINTH CAUSE OF ACTION:

Negligent Hiring and Retention of Employment Services - against defendant City of New York.

72. Plaintiff hereby restates paragraphs 1-71 of this Complaint, as though fully set forth below.

73. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

74. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

75. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant Police Officers were not prudent and were potentially dangerous.

76. Upon information and belief, defendant City of New York's negligence in hiring and retaining defendant Police Officers proximately caused plaintiff's injuries.

77. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant Police Officers, plaintiff incurred and sustained significant and lasting injuries.

　　　　**WHEREFORE**, plaintiff respectfully requests judgment against the defendants as follows:

1. On the First Cause of Action against all defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorney's fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officers in an amount to be determined at trial;

3. On the Third Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

7. On the Seventh Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

8.  On the Eighth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

9.  On the Ninth Cause of Action, against defendant City of New York, compensatory damages in an amount to be determined at trial; and

10. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   Brooklyn, New York
         January 25, 2010

                          Respectfully submitted,

                                 /s/

                          _____
                    By:   Ugochukwu Uzoh [UU-9076]
                          255 Livingston Street,
                          4th Floor
                          Brooklyn, New York 11217
                          Tel. No.  : (718) 874-6045
                          Fax No.   : (718) 576-2685

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IAN FELMINE A.K.A. ENIAN FELMINE,

                                              Plaintiff(s),

against

THE CITY OF NEW YORK, P.O. VADIM KONTOROVICH [SHIELD# 27420], SERGEANT BRENDAN WARD, P.O. WILLIAM DOOLEY [SHIELD# 2596], P.O. STEPHEN KARABIN [SHIELD# 7004], SERGEANT JOHN TANCREDI [SHIELD# 1061], SERGEANT KIENLE, SERGEANT BEVERLY BROWN, "JOHN DOE" AND "JANE DOE",

                                              Defendant(s).

---

**SECOND AMENDED SUMMONS & COMPLAINT
DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
255 LIVINGSTON STREET, 4TH FLOOR, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---


    Service of a copy of the within is hereby admitted

           Dated:_____

           Attorney(s) For:_____