UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| IAN FELMINE A.K.A. ENIAN FELMINE,<br><br>                         Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, P.O. VADIM KONTOROVICH [SHIELD# 27420], SERGEANT BRENDAN WARD, P.O. WILLIAM DOOLEY [SHIELD# 2596], P.O. STEPHEN KARABIN [SHIELD# 7004], SERGEANT JOHN TANCREDI [SHIELD# 1061], SERGEANT KIENLE, SERGEANT BEVERLY BROWN, "JOHN DOE" AND "JANE DOE",<br><br>                         Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, KONTOROVICH, DOOLEY, KARABIN, TANCREDI, KIENLE, AND BROWN**<br><br>09 CV 3769 (RJD)(JO)<br><br>Jury Trial Demanded |

------------------------------------------------------------------------ x

        Defendants City of New York, Vadim Kontorovich, William Dooley, Stephen Karabin, John Tancredi, Scott Kienle, and Beverly Brown by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the second amended complaint, respectfully allege, upon information and belief, as follows:[1]

        1.    Deny the allegations set forth in paragraph "1" of the second amended complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the second amended complaint, except admit that plaintiff purports to bring this action as stated therein.

---

[1] Upon information and belief, and according to a review of the civil docket sheet in this matter, the individuals identified in the caption of the amended complaint as "SERGEANT BRENDAN WARD," has not been served with process and are therefore not a party to this action.

3. Deny the allegations set forth in paragraph "3" of the second amended complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the second amended complaint, except admit that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the second amended complaint, except admit that plaintiff purports to lay venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the second amended complaint.

7. Deny the allegations set forth in paragraph "7" of the second amended complaint, except admit that Vadim Kontorovich, Brendan Ward, William Dooley, Stephen Karabin, John Tancredi, Sergeant Klienle, and Beverly Brown, are or were employed by the City of New York as members of the New York City Police Department, and state that the allegation that these defendants were "acting under color of state law" is a conclusion of law, not an averment of fact, and accordingly no response is required. Defendant also admit that plaintiff purports to proceed as stated therein.

8. Deny the allegations set forth in paragraph "8" of the second amended complaint, except admit that the City of New York is a municipal corporation existing in the State of New York, and respectfully refers the Court to the New York City Charter and Administrative Code. Defendant also admit that Vadim Kontorovich, Brendan Ward, William Dooley, Stephen Karabin, John Tancredi, Sergeant Klienle, and Beverly Brown, are or were employed by the City of New York as members of the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the second amended complaint, except admit that plaintiff was arrested on September 4, 2006, in the vicinity of 1844 Brooklyn Avenue, Brooklyn, New York, and further admit that plaintiff was charged with, *inter alia*, assault in the third degree in connection with his September 4, 2006 arrest. Defendant also admit that plaintiff was arrested on June 1, 2008, in the vicinity of Winthrop Street and East 53rd Street, Brooklyn, New York, except admit that plaintiff was charged with, *inter alia*, robbery in the first degree in connection with his arrest on June 1, 2008.

10. Deny the allegations set forth in paragraph "10" of the second amended complaint.

11. Deny the allegations set forth in paragraph "11" of the second amended complaint, except admit that plaintiff was arraigned on charges of, *inter alia*, assault in the third degree and released on September 5, 2006 at approximately 3:10 p.m., and admit that on December 14, 2006 the charges brought against plaintiff in connection with his September 5, 2006 arrest were dismissed on speedy trial grounds.

12. Deny the allegations set forth in paragraph "12" of the second amended complaint, except admit that plaintiff was arrest on June 1, 2008, and admit that plaintiff was transported to a police precinct following that arrest.

13. Deny the allegations set forth in paragraph "13" of the second amended complaint, except admit that plaintiff was arraigned on charges of, *inter alia*, robbery in the first degree and released on June 1, 2008 at proximally 11:52 p.m., and admit that on December 26, 2008, the charges brought against plaintiff in connection with his June 1, 2008 arrest were dismissed.

14. Deny the allegations set forth in paragraph "14" of the second amended complaint.

15. Deny the allegations set forth in paragraph "15" of the second amended complaint.

16. Deny the allegations set forth in paragraph "16" of the second amended complaint.

17. Deny the allegations set forth in paragraph "17" of the second amended complaint.

18. Deny the allegations set forth in paragraph "18" of the second amended complaint.

19. Deny the allegations set forth in paragraph "19" of the second amended complaint.

20. Deny the allegations set forth in paragraph "20" of the second amended complaint.

21. Deny the allegations set forth in paragraph "21" of the second amended complaint.

22. Deny the allegations set forth in paragraph "22" of the second amended complaint.

23. Deny the allegations set forth in paragraph "23" of the second amended complaint.

24. Deny the allegations set forth in paragraph "24" of the second amended complaint.

25. Deny the allegations set forth in paragraph "25" of the second amended complaint.

26. Deny the allegations set forth in paragraph "26" of the second amended complaint.

27. Deny the allegations set forth in paragraph "27" of the second amended complaint, except state that the allegation that defendants acted "under color of State law" is a conclusion of law, not an averment of fact, and accordingly no response is required.

28. Deny the allegations set forth in paragraph "28" of the second amended complaint.

29. Deny the allegations set forth in paragraph "29" of the second amended complaint.

30. Deny the allegations set forth in paragraph "30" of the second amended complaint.

31. Deny the allegations set forth in paragraph "31" of the second amended complaint.

32. In response to the allegations set forth in paragraph "32" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the second amended complaint.

34. Deny the allegations set forth in paragraph "34" of the second amended complaint.

35. Deny the allegations set forth in paragraph "35" of the second amended complaint, except state that the allegation that defendants "acted under pretense and color of state law" is a conclusion of law, not an averment of fact, and accordingly no response is required.

36. Deny the allegations set forth in paragraph "36" of the second amended complaint.

37. In response to the allegations set forth in paragraph "37" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the second amended complaint.

39. Deny the allegations set forth in paragraph "39" of the second amended complaint.

40. In response to the allegations set forth in paragraph "40" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the second amended complaint.

42. Deny the allegations set forth in paragraph "42" of the second amended complaint.

43. Deny the allegations set forth in paragraph "43" of the second amended complaint.

44. Deny the allegations set forth in paragraph "44" of the second amended complaint.

45. Deny the allegations set forth in paragraph "45" of the second amended complaint.

46. Deny the allegations set forth in paragraph "46" of the second amended complaint.

47. Deny the allegations set forth in paragraph "47" of the second amended complaint.

48. In response to the allegations set forth in paragraph "48" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the second amended complaint, except admit that on December 14, 2006 the charges brought against plaintiff in connection with his September 5, 2006 arrest were dismissed on speedy trial grounds, and admit that on December 26, 2008, the charges brought against plaintiff in connection with his June 1, 2008 arrest were dismissed.

50. Deny the allegations set forth in paragraph "50" of the second amended complaint.

51. Deny the allegations set forth in paragraph "51" of the second amended complaint.

52. In response to the allegations set forth in paragraph "52" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the second amended complaint.

54. Deny the allegations set forth in paragraph "54" of the second amended complaint.

55. Deny the allegations set forth in paragraph "55" of the second amended complaint.

56. Deny the allegations set forth in paragraph "56" of the second amended complaint.

57. Deny the allegations set forth in paragraph "57" of the second amended complaint.

58. In response to the allegations set forth in paragraph "58" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the second amended complaint.

60. Deny the allegations set forth in paragraph "60" of the second amended complaint.

61. Deny the allegations set forth in paragraph "61" of the second amended complaint.

62. In response to the allegations set forth in paragraph "62" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the second amended complaint.

64. Deny the allegations set forth in paragraph "64" of the second amended complaint.

65. Deny the allegations set forth in paragraph "65" of the second amended complaint, except state that the allegation that identified and unidentified police officers "acted under pretense and color of state law" is a conclusion of law, not an averment of fact, and accordingly no response is required.

66. Deny the allegations set forth in paragraph "66" of the second amended complaint.

67. Deny the allegations set forth in paragraph "67" of the second amended complaint.

68. In response to the allegations set forth in paragraph "68" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the second amended complaint.

70. Deny the allegations set forth in paragraph "70" of the second amended complaint.

71. Deny the allegations set forth in paragraph "71" of the second amended complaint.

72. In response to the allegations set forth in paragraph "72" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the second amended complaint.

74. Deny the allegations set forth in paragraph "74" of the second amended complaint.

75. Deny the allegations set forth in paragraph "75" of the second amended complaint.

76. Deny the allegations set forth in paragraph "76" of the second amended complaint.

77. Deny the allegations set forth in paragraph "77" of the second amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

78. The second amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

79. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

80.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

81.   There was probable cause for the plaintiff's arrests, detentions and prosecutions.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

82.   Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

83.   At all times relevant to the acts alleged in the second amended complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, defendant City of New York is entitled to governmental immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

84.   Plaintiff may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the State of New York may be barred.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

85.   Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

86.   Plaintiff may have failed to satisfy all conditions precedent to suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

87. At all times relevant to the acts alleged in the complaint, defendants Vadim Kontorovich, William Dooley, Stephen Karabin, John Tancredi, Scott Kienle, and Beverly Brown acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

88. Defendants Vadim Kontorovich, William Dooley, Stephen Karabin, John Tancredi, Scott Kienle, and Beverly Brown have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, Vadim Kontorovich, William Dooley, Stephen Karabin, John Tancredi, Scott Kienle, and Beverly Brown request judgment dismissing the second amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 21, 2010

                MICHAEL A. CARDOZO
                Corporation Counsel
                   of the City of New York
                *Attorney for Defendants City of New York, Kontorovich, Dooley, Karabin, Tancredi, Kienle, and Brown*
                100 Church Street, Room 3-195
                New York, New York 10007
                (212) 788-0422

      By:     \_\_\_\_\_/s/_____
                Morgan D. Kunz
                Assistant Corporation Counsel
                Special Federal Litigation Division

- 13 -

To:    Ugochukwu Uzoh, Esq. (By E.C.F.)
*Attorney for Plaintiffs*
255 Livingston Street, 4th Floor
Brooklyn, New York 11217

Index Number: 09 CV 3769 (RJD)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IAN FELMINE A.K.A.
ENIAN FELMINE,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. VADIM KONTOROVICH [SHIELD# 27420], SERGEANT BRENDAN WARD, P.O. WILLIAM DOOLEY [SHIELD# 2596], P.O. STEPHEN KARABIN [SHIELD# 7004], SERGEANT JOHN TANCREDI [SHIELD# 1061], SERGEANT KIENLE, SERGEANT BEVERLY BROWN, "JOHN DOE" AND "JANE DOE",

                                              Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, VADIM KONTOROVICH, WILLIAM DOOLEY, AND STEPHEN KARABIN**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Vadim Kontorovich, William Dooley, and Stephen Karabin*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Morgan D. Kunz*
*Tel:  (212) 788-0422*
*NYCLIS No. 2009-033524*

*Due and timely service is hereby Admitted.*

*New York, N.Y.  ........................................................... , 2010*

*...................................................................................... Esq.*

*Attorney for.............................................................................*